Allen W. ELLIOTT, as Administrator of the Estate of Lloyd E. Elliott, Deceased, Plaintiff,

v.

EDWARDS ENGINEERING CORP., a New Jersey corporation, White-Rodgers Co., a Missouri corporation, and Snodgrass and Smith Co., a partnership doing business in Colorado, Defendants.

Civ. A. No. 8757.

United States District Court
D. Colorado.

May 4, 1965.

Hindry, Erickson & Meyer, Jay L. Gueck, Denver, Colo., for plaintiff.

Yegge, Hall, Treece & Evans, George M. McClure, Denver, Colo., for defendant Snodgrass and Smith Co.

Wood, Ris & Hames, Eugene S. Hames, Denver, Colo., for defendant White-Rodgers Co.

Weller, Friedrich & Hickisch, William H. Hazlitt, Denver, Colo., for defendant Edwards Engineering Corp.

538

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on the motion of defendant White-Rodgers Co. to quash return of alias summons served upon Paul T. Williams and on the motion of defendant Edwards Engineering Corp. to dismiss for lack of jurisdiction relating to the purported service of process upon Fred Mahe of Chas. A. Davis and Associates in Denver, Colorado, which the Court has chosen to treat as a motion to quash service. Having heard oral argument by counsel, having read the depositions submitted by plaintiff, having carefully examined the file and being fully advised in the premises, the Court is of the opinion that the motions should be granted.

Neither White-Rodgers Co., nor Edwards Engineering Corp., is authorized to do business or has its principal place of business in the State of Colorado, therefore both motions present the same legal question of whether or not either one of these defendants was doing sufficient business in Colorado as to subject it to service of process in this state. We consider first the motion of White-Rodgers.

Service was made on Paul T. Williams, the sole employee of White-Rodgers in the State of Colorado. Mr. Williams is a sales engineer for White-Rodgers, whose primary activities include sales of merchandise to wholesalers and distributors and some "trouble shooting" at the request of individuals. However, sales are never made directly to individuals. He has no authority to bind White-Rodgers on any order, and all orders are sent by him to St. Louis, Missouri, for approval. For placing orders with wholesalers in a ten state area, he is paid a guaranteed salary of $500 a month, plus a 2% commission by White-Rodgers Co. He has a general list of wholesalers that are his accounts, and he calls on them frequently, checking their inventory and suggesting purchases they might make.

White-Rodgers Co. is listed in the Metropolitan Denver telephone directory at the home address of Mr. Williams. He maintains a desk and filing cabinet in his home for company purposes, but none of the property used by him in Colorado is owned by White-Rodgers Co. His office is situated in Colorado for convenience, and only a small fraction of the time spent in his territory is spent in Colorado.

White-Rodgers Co. manufactures the allegedly defective gas control valve located in the Edwards boiler, which exploded giving rise to this action. However, Mr. Williams did not sell the valve in question to Edwards Engineering Corp., nor by his statement does he ever sell to that company. The allegedly defective White-Rodgers valve was sold to Edwards Engineering Corp. and made a part of the boiler somewhere "back east". The entire boiler was sent to Snodgrass and Smith Co. in Denver, and from there it went to the home of the deceased Lloyd E. Elliott in Wyoming.

These are the pertinent facts from which the Court must decide whether or not White-Rodgers Co. was doing business in the State of Colorado, hence amenable to the jurisdiction of the Courts in that state.

 It is basic to the great abundance of law on the question of "doing business" that every case must be decided solely on its own facts. Certain factors are generally recognized as bearing on the question, but the complete test is one of total impact. It is all of the facts of a particular case considered in the light of the applicable law that produces the ultimate resolution of the question. This test has never been more aptly expressed than by the Supreme Court of the United States, when it said that the corporation must " * * * have certain minimum contacts with it [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

 In answering the question of whether or not White-Rodgers Co. was doing business in Colorado, it is funda-

mental that we must look to Colorado law. Colorado law was recently reviewed in Focht v. Southwestern Skyways, Inc., 220 F.Supp. 441 (Dist.Colo.1963); Cessna Aircraft Company v. Focht, 336 F.2d 603 (10th Cir. 1964), a case which placed substantial emphasis on the amount of control the corporation exerted over its representative in the state. In the case at hand, it would appear that White-Rodgers Co. probably exercised sufficient control over its representative Williams to meet the basic test expressed in Focht.

■■ Also, the fact that White-Rodgers Co. maintains a listing in the Denver telephone directory is another factor which points toward "doing business." Wm. I. Horlick Co. v. Bogue Electric Mfg. Co., 146 F.Supp. 347 (D.C.Mass.1956). And of course, the fact that Williams was paid directly by White-Rodgers Co. is further evidence of the corporation doing business in Colorado through its representative.

However, when the quantity of business done by Williams in Colorado is analyzed in light of the earlier-stated International Shoe test, there is no clear answer. Whether the "small fraction" of time spent by Williams in Colorado meets the "minimum contacts" requirements or not, is a question this Court would find difficult to hold determinative of this motion.

■ The fact the Court finds most persuasive in this action is that the allegedly defective valve was not sold to Edwards Engineering Corp. in Colorado, nor does Williams apparently ever sell any valves to Edwards, inside or outside the State of Colorado. Whether the claim asserted arises out of corporate activities carried on within the state or carried on elsewhere is a factor to be considered. International Shoe Co., supra. The Colorado Supreme Court apparently approved this reasoning in Colorado Builders Supply Co. v. Hinman Bros., 134 Colo. 383, 304 P.2d 892, 896 (1956):

"We think that the question as to whether a claim upon which suit is brought arose out of activity of a for-

eign corporation within the state of the forum, is a proper subject of inquiry as shedding light on the question as to whether the corporation is 'doing business' within the state in such a manner as to make it amenable to process." Supra, pp. 390–391.

While the Colorado Court carefully specified that it had not adopted the rule, it recognized that many courts

"* * * indicate that a greater quantum of 'doing business' within the state of the forum is essential to jurisdiction where the claim asserted does not arise out of corporate activities within that state, than would be required in a claim arising out of corporate conduct within the state." Supra, p. 390.

■ We do not believe it necessary to adopt such a rule either, but we do think that the relationship of the claim to the activities carried on within the state is important. In the instant case there is no relationship between the two. If the allegedly defective valve had been sold to Edwards Engineering Corp. in Colorado, or if Williams had even sold other valves to Edwards, the result would probably be different. As it is, we cannot say that the test of "minimum contacts" has been met; the motion of White-Rodgers Co. must be granted.

We come now to the motion of Edwards Engineering Corp. Service was made upon this defendant by serving Fred Mahe, a salesman for Chas. A. Davis, and Associates in Denver, Colorado.

Chas. A. Davis and Associates is a manufacturers' representative for a total of eleven companies, one of which is Edwards Engineering Corp. In his employment, Mr. Mahe calls upon engineers, architects and wholesalers and shows them the various lines handled by Chas. A. Davis and Associates, by whom he is paid a salary and a commission. In turn, Chas. A. Davis and Associates is paid by Edwards Engineering Corp. strictly on a commission basis.

In addition to taking orders, Mr. Mahe distributes catalogs, sales literature and other items of advertisement on behalf of

Edwards Engineering Corp. Although some advertising is done, the primary function of Chas. A. Davis and Associates with respect to Edwards Engineering Corp. is to obtain orders from wholesalers and send them back to Edwards in New Jersey. Edwards Engineering Corp. is listed in the Metropolitan Denver telephone directory at the business address of Chas. A. Davis and Associates. However, there is no mention of Edwards Engineering Corp. in the letterhead, the business cards or on the office door of Chas. A. Davis and Associates. Edwards Engineering Corp. does not closely control the manner in which Chas. A. Davis and Associates places orders or conducts advertising. General suggestions may be made with respect to sales meetings, but close supervision is not maintained.

Mr. Mahe has never done any business, nor does he know of any ever having been done by Chas. A. Davis and Associates with White-Rodgers Co. However, he has done business on behalf of Edwards Engineering Corp. with Snodgrass and Smith Co., which is a stocking wholesaler for Edwards.

 From these facts, it becomes readily apparent that Edwards Engineering Corp. has even fewer contacts with the State of Colorado than does White-Rodgers Co. Edwards has no employees in Colorado, nor has plaintiff presented any evidence upon which the Court could make any finding of agency. It operates strictly through a manufacturers' representative, which serves ten other companies. Edwards exercises very little control over this representative, a situation quite unlike that in Focht, supra. Although Edwards Engineering Corp. is listed in the Metropolitan Denver telephone directory, it is interesting to note that the listing was placed by Chas. A. Davis and Associates, not by Edwards. Chas A. Davis and Associates is an independent business group. It is free to place orders with Edwards or with someone else. The only form of control that Edwards maintains over the situation is that it may accept or reject the orders sent to its home office in New Jersey.

As with White-Rodgers Co., plaintiff's claim did not arise out of any dealing Edwards Engineering Corp. had in Colorado. This important factor, combined with almost a complete absence of control, makes this motion even stronger than the one by White-Rodgers Co. For these reasons, we have no choice but to conclude that the requirements of International Shoe, supra, have not been met. It is therefore,

Ordered that the motion of defendant White-Rodgers Co. to quash return of alias summons served upon Paul T. Williams be, and the same hereby is, granted, and it is further

Ordered that the motion of defendant Edwards Engineering Corp. to quash the service of process upon Fred Mahe of Chas. A. Davis and Associates be, and the same hereby is, granted.