508 P.2d 420 (1973)
D. E. B. ADJUSTMENT COMPANY, Plaintiff-Appellant,
v.
Helen DILLARD and Chester Little, Defendants-Appellees.
No. 72-093.
Colorado Court of Appeals, Div. II.
April 3, 1973.
*421 Robert L. Pitler, Denver, for plaintiff-appellant.
Bruce C. Bernstein, Denver, for defendants-appellees.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Appellant, D. E. B. Adjustment Co., brought this action against appellees, Little and Dillard, to recover the balance due on a promissory note. Both defendants were served in California. They filed a motion to quash the summons and for dismissal of the action. Following a hearing on stipulated facts, the trial court granted the motion to quash the summons and entered judgment dismissing the action. We affirmed as to defendant Dillard and reverse as to defendant Little.
Little, a resident of California, came to Denver and executed the document which is the basis of this action. It is entitled, "Contract for Room and BoardGuarantee Promissory NoteDisclosure Statement." It states that Little is a student or enrollee in Parks School of Business; that Campus House, the other party to the contract and plaintiff-appellant's assignor, will provide room and board to Little as therein provided; and that Little promises to pay $1000 to Campus House for such room and board. After Little executed this contract and note in Colorado, the document was sent to his mother, defendant Dillard. She executed the note in California, as guarantor. It is undisputed that defendant Dillard has never been in Colorado and is a resident of California.
The sole issue on this appeal is whether the Colorado Courts have jurisdiction of the defendants under the Colorado "Long Arm Statute," 1965 Perm.Supp., C.R.S. 1963, 37-1-26, which, as pertinent here, provides,
"Jurisdiction of courts.(1)(a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:
(b) The transaction of any business within this state . . . ."
Defendant Little contends that the execution of this document does not constitute the transaction of business within the state. We disagree. In Knight v. District Court, 162 Colo. 14, 424 P.2d 110, our Supreme Court held that the execution of a promissory note constituted the transaction of business which conferred jurisdiction on the courts within the meaning of the statute. Further the execution of a contract in Colorado to enroll in a private school was held to bring the non-resident party within the purview of the statute. Clinic Masters, Inc. v. McCollar, 269 F.Supp. 395 (D.Colo.) The execution of the contract and note in Colorado constituted the transaction of business by Little, and he was therefore subject to the jurisdiction of the court.
Appellant asserts that defendant Little was acting as his mother's agent in executing the note and that therefore defendant Dillard is also subject to the court's jurisdiction. However the record is clear that Mrs. Dillard's sole position in the transaction is that of guarantor. The contract so provides. Her execution, in California, of the contract, as guarantor, does not provide that quantum of minimum contract with Colorado such that the maintenance of the suit would not offend traditional notions of due process. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Safari Outfitters, Inc. v. Superior Court, 167 Colo. 456, 448 P.2d 783.
For the above reasons the judgment is affirmed as to defendant Dillard and reversed as to defendant Little, and the cause remanded for further proceeding in conformity with this opinion.
ENOCH and PIERCE, JJ., concur.