**No. 26732**

**Van Schaack and Company, a Colorado corporation v. District Court, Eighteenth Judicial District, State of Colorado and the Honorable Marvin W. Foote, Judge**

(538 P.2d 425)

Decided July 14, 1975.                    Rehearing denied August 5, 1975.

Atler, Zall and Haligman, P.C., Jack Silver, for petitioner.

Fuller and Evans, Clyde A. Faatz, Jr., John F. McNally, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding brought pursuant to C.A.R. 21 in which the petitioner Van Schaack, the defendant and third-party plaintiff below, seeks to prohibit the respondent court from proceeding without also exercising jurisdiction over third-party defendant Highland Park State Bank. The district court of Arapahoe County dismissed petitioner's third-party complaint and quashed the service of the third-party summons, holding that the court lacked *in personam* jurisdiction over the third-party defendant. Petitioner sought a writ of prohibition in this court, and we issued a rule to show cause why the requested relief should not be granted. For the reasons set forth herein, we make that rule absolute.

This original proceeding arose out of an action initiated by Atlas Realty and Investment Company (plaintiff) against B. B. Andersen Development Company (Andersen) and Van Schaack to recover monies which it contends was owed to it by reason of an agreement entered into in June of 1973 by Atlas with Andersen, whereby Atlas agreed to sell Andersen certain real property situated in Littleton, Colorado. Van Schaack & Company was the agent for Atlas in procuring this contract. The purchase price of $100,000 was to be paid in cash at the time of the closing. The contract further provided that if certain contingencies were not met by August 29, 1973 the contract would be null and void, except that the purchasers could, by paying 10% of the purchase price, extend the contract for 30 day periods to fulfill the contingencies. In the event the property was not purchased thereafter, such monies were to be forfeited by the purchaser.

On September 11, 1973, the Highland Park State Bank, a Kansas bank, issued to Van Schaack a letter of credit for ten thousand dollars. This letter of credit was issued on behalf of Andersen, a Kansas corporation, to extend the contract for thirty days and the contract was then so extended. In December of that year, Highland notified Van Schaack that it had revoked the letter of credit, whereupon plaintiff instituted proceedings against Andersen and Van Schaack. It was at this juncture that Van Schaack sought to bring Highland in as a third-party defendant.

Petitioner Van Schaack contends that the district court erroneously dismissed the third-party complaint against Highland since Highland's issuance of a letter of credit in a transaction that had a substantial connection with this state satisfied the long-arm statute of the State of Colorado, section 13-1-124, C.R.S. 1973, and the minimum contacts requirement of the due process clause. The respondent court contends that Colorado cannot constitutionally exercise jurisdiction over Highland because the bank has had virtually no contact with this state. We agree with the petitioner.

In *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, the Supreme Court held that a single transaction of business in a state was sufficient to satisfy the minimum contacts requirement so long as "the suit was based on a contract which had substantial connection with that state." 355 U.S. at 223. And in *Dwyer v. District Court*, 188 Colo. 41, 532 P.2d 725, we reviewed several cases where "con-

tact with the forum state, although quantitatively minimal, was of substantial import and relevance to the subject of the lawsuit." 532 P.2d at 727. In all of those cases, the exercise of jurisdiction by the forum state was held to be proper. *See Dwyer v. District Court, supra* and cases cited therein.

Most noteworthy among the cases relied on in *Dwyer* is *White Lumber Sales, Inc. v. Sulmonetti*, 252 Ore. 121, 448 P.2d 571. There, the Oregon Supreme Court upheld the exercise of jurisdiction over a Florida corporation even though the only contact that the Florida corporation had with Oregon was a telephone order to the plaintiff, an Oregon corporation, for the purchase of lumber. The analysis applied by that court is useful in determining whether one has the requisite minimum contact with the forum state. Writing for the Court, Mr. Justice Goodwin stated:

"From the *McGee* and *Hanson* cases, three criteria can be said to define the present outer limits of *in personam* jurisdiction based on a single act: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." 448 P.2d at 574 (citations omitted).

Application of that test to the facts of this case reveals that exercise of jurisdiction over Highland is appropriate. First, in issuing the letter of credit, Highland induced conduct in this state in that the plaintiff relied on the letter in extending the contract beyond the August 29, 1973 date. Second, it is clear that this cause of action which Van Schaack asserts against Highland arises from the consequences in this state of Highland's cancellation of the letter. Finally, the letter of credit issued by Highland was issued in conjunction with a Colorado real estate transaction, which obviously has a substantial connection with this state. *See Dwyer v. District Court, supra.*

Respondents predicate their position primarily on three cases. First, they rely on *Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783. There, the petitioner's activity — advertising in national magazines distributed in Colorado, and correspondence and phone calls into Colorado — were deemed insufficient to establish minimum contacts with Colorado. However, the media advertising was not directed specifically at Colorado, but to the entire nation. Additionally, the correspondence and phone calls into Colorado were merely preliminary negotiations, and did not establish any jural relationships. On the contrary, in the instant case, Highland's activity was directed specifically at Colorado. Also, the letter of credit issued to the Colorado residents was significantly more than preliminary discussion, but carried with it the rights and obligations mandated by the Uniform Commercial Code.

Respondent also relies on *D.E.B. Adjustment Co. v. Dillard*, 32 Colo. App. 184, 508 P.2d 420, and *Circle A Drilling Co. v. Sheehan*, 251 F.Supp. 242 (D.Colo. 1966). However, since *Dillard* was decided by the Colorado Court of Appeals, and *Sheehan* by the federal district court, we are bound by neither decision, and do not find them persuasive in deciding this case.

The rule to show cause is made absolute.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE GROVES dissenting:

I respectfully dissent as I regard *D.E.B. Adjustment Co. v. Dillard*, 32 Colo. App. 184, 508 P.2d 420 (1973) as correct.

MR. JUSTICE ERICKSON joins in this dissent.