No. 26869

**Emma Mae Giger v. District Court for the County of Summit, and the Honorable Charles R. Casey, District Judge of said Court**

(540 P.2d 329)

Decided September 8, 1975.

Virginia R. Richard, for petitioner.

Alperstein, Plaut and Barnes, P.C., Frank Plaut, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This original proceeding involves the question of whether a trial court can properly exercise *in personam* jurisdiction over a Missouri resident who executed a contract of guarantee pertaining to a lease of real property located in this state.

Although the pleadings in the trial court in this case involve rather complicated third-party practice, the issue and the facts we are concerned with here can be simply stated. Lois G. and Robert A. Theobald, as lessors, consented to the assignment of a lease of certain real property in

Breckenridge, Colorado to Harold Giger. Part of the consideration for this consent was the written guarantee of Petitioner Emma Mae Giger. This contract of guarantee stated in part as follows:

"For value received I hereby guarantee the payment of the rent and the performance of the covenants and agreements in the aforesaid Lease in manner and form as in said Lease provided. . . ."

This written guarantee was prepared in Colorado and executed by Petitioner Emma Mae Giger in St. Louis, Missouri, where she resides. When litigation ensued between the Theobalds and Harold Giger as a third-party plaintiff, the Theobalds joined Petitioner Emma Mae Giger as an involuntary third-party plaintiff and obtained service of process on her in Missouri in accordance with Section 13-1-125, C.R.S. 1973. She resisted, and from the trial court ruling that personal jurisdiction existed, she petitioned this court for relief in the nature of prohibition against the exercise of personal jurisdiction over her by the respondent court.

We issued a rule to show cause why the relief sought by the petitioner should not be granted. The respondent court has now answered. For the reasons set forth herein, we now discharge the rule and hold that the trial court is properly exercising personal jurisdiction over this petitioner under the provisions of section 13-1-124, C.R.S. 1973, our long-arm statute.

In *Van Schaack and Co. v. District Court,* 189 Colo. 145, 538 P.2d 425, we were concerned with a similar issue. *Van Schaack* considered the issuance of a letter of credit by a Kansas bank in a transaction involving the sale of real property in Colorado. We therein held that the issuance of the letter of credit involved a substantial connection with this state and thus under our long-arm statute, personal jurisdiction over the Kansas bank was proper.

Applying the same analysis we utilized in *Van Schaack* to the facts here, it is apparent that personal jurisdiction over this petitioner exists. In executing the contract of guarantee, petitioner induced the Theobalds to furnish their consent, as lessors, for the assignment to Harold Giger of a lease of Colorado real property. Allegedly, the lessee, Harold Giger, subsequently violated the covenants and agreements of the lease, thus causing the lessors damages. In our view, the facts here amply justify long-arm jurisdiction over the person of this petitioner. *Dwyer v. District Court,* 188 Colo. 41, 532 P.2d 725 (1975). Petitioner urges that we follow the ruling in *D.E.B. Adjustment Co. v. Dillard,* 32 Colo. App. 184, 508 P.2d 420 (1973) in which personal jurisdiction was refused under facts similar to this case. However, in *Van Schaack,* we disapproved the *D.E.B. Adjustment* decision, and declined to follow it.

The rule is discharged.

MR. JUSTICE GROVES specially concurs.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE GROVES specially concurring:

Except for Canon 2A of the Colorado Code of Judicial Conduct which provides, "A judge should respect and comply with the law," I would dissent. I dissented in *Van Schaack and Co. v. District Court*, 189 Colo. 145, 538 P.2d 425. The majority opinion there is dispositive in this case. I feel, therefore, that I must "comply with the law" even though I regard it as wrong.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. As the majority points out, the issues are similar to those which the court resolved in *Van Schaack and Co. v. District Court*, 189 Colo. 145, 538 P.2d 425. I dissented in the *Van Schaack* case, and I do not interpret Canon 2A of the Colorado Code of Judicial Conduct as a restriction on my right to dissent in this case.

The facts are crucial to the determination of the *in personam* jurisdiction issue which is before us in this case. In my opinion, the majority of the court extended the long-arm statute beyond the limitations imposed by the legislature and the minimum contacts requirements which are essential to due process of law.

In my view, it is the duty of a justice to dissent when in his considered judgment his brethren on the court are in error. Canon 2A of the Colorado Code of Judicial Conduct does not, in my opinion, restrict a justice to one dissent on an issue which has been reviewed by the Colorado Supreme Court.

In reaching the question of jurisdiction, each case must be decided on its own facts. *Elliott v. Edwards Engineering Corp.*, 257 F. Supp. 537 (D.C. Colo. 1965).

Accordingly, I again dissent.