## No. C-834

## Judith L. Tucker v. Vista Financial Corporation, a California corporation

(560 P.2d 453)

Decided February 22, 1977.

Simon, Eason, Hoyt & Malone, P.C., Richard L. Eason, Stephen G. Everall, for petitioner.

Dawson, Nagel, Sherman & Howard, James F. Wood, James E. Hautzinger, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case concerns the attempt by Vista Financial Corporation, a California corporation, to enforce a California judgment against Judith Tucker. The judgment was based on two promissory notes. The first note, for $4,161.88, was made payable to the Crocker National Bank and was accompanied by disbursal authorizations. Herbert Tucker had mailed the Crocker note and documents from California to Judith in Colorado. She signed them here and returned them to Herbert in California.

The second note, for $5,259.31, was payable to Vista Financial Corporation. It was signed by Herbert Tucker alone and contained no

disbursal authorizations. Judith was subsequently served with a summons and complaint in the California case at her home in Colorado, but she chose not to appear. A default judgment in the amount of $9,421.19 based on both notes was thereupon entered. Vista was also awarded $2,000 in attorney's fees.

Relying on *D.E.B. Adjustment Co. v. Dillard*, 32 Colo.App. 184, 508 P.2d 420 (1973), the Colorado district court denied enforcement of the California judgment and held that California did not have personal jurisdiction over the petitioner. The court of appeals reversed, 36 Colo. App. 412, 544 P.2d 643 (1975), basing its decision on *Van Schaack & Company v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975) and *Giger v. District Court*, 189 Colo. 305, 540 P.2d 329 (1975). We granted certiorari to consider whether there was an adequate jurisdictional basis for the California judgment. We agree that there was jurisdiction as to the Crocker note and therefore we affirm that part of the court of appeals' decision. However, we find no jurisdictional basis in California to support enforcement of the Vista judgment in our courts and therefore we reverse as to that issue.

I.

█ Under *U.S. Const.*, Art. IV, § 1, full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. However, if the foreign judgment was rendered without jurisdiction of the person, it is void and therefore not enforceable here. *Millikin v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Devereux v. Sperry*, 104 Colo. 158, 89 P.2d 532 (1939); *Davis v. Davis*, 70 Colo. 37, 197 P. 241 (1921). We must therefore determine whether California exercised jurisdiction consistent with due process.

█ With these principles in mind, we look first to the Crocker note. In *Van Schaack, supra*, we adopted a three-pronged test for jurisdiction when that jurisdiction is based on a single act of the defendant. First, the defendant must have purposefully availed himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences of the defendant's activities. Finally, the activities of the defendant in the forum state or their consequences in the forum state must be substantial enough to make the exercise of jurisdiction reasonable. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Here, Judith Tucker was co-maker of a note payable in California to a California bank and she authorized funds to be disbursed in California. These contacts are sufficient for the proper exercise of jurisdiction.

Tucker contends that if under our holding in *Van Schaack, supra*, the exercise of jurisdiction by the California court is proper, then since *Van Schaack* had not been decided when she made her decision not to appear in California, she should not be subject to enforcement of the California judgment here. She contends that *D.E.B. Adjustment, supra*, suggested that there were not enough contacts for the California court to exercise jurisdiction consonant with due process.

We point out that at the time petitioner entered into this transaction and performed the acts which provided the jurisdictional basis for the exercise of California judicial power, *D.E.B. Adjustment, supra*, had not been decided. She could not, therefore, have relied on that case to establish whether she would be subject to California jurisdiction in case of a dispute arising out of the transaction.

Moreover, *D.E.B. Adjustment* does not clearly support petitioner's view. There, the defendant's only contact with a promissory note was as a guarantor. Here, petitioner is a co-maker of the Crocker note and *she* signed disbursal authorizations without which no funds could have been released. Petitioner's decision not to appear in California was premised on a case substantially different from her own. *D.E.B. Adjustment*, itself, therefore would not indicate that petitioner would not be subject to California's jurisdiction under Colorado law.

It is clear that under the *Van Schaack* test, California could properly exercise jurisdiction over Judith Tucker in regard to the Crocker note. We hold, therefore, that the portion of the California judgment based on that note is entitled to enforcement in the Colorado Courts.

II.

Respondent argues that since the California court had jurisdiction as to the Crocker note, we are precluded from examining the jurisdictional basis of the Vista note. We reject that analysis.

It is clear that jurisdiction may be based on a single transaction when the cause of action arises from that transaction. *McGee v. International Life Insurance Co., supra.* It is equally clear that where there are substantial continuous contacts with the forum state, jurisdiction may be found even when the cause of action does not arise out of the forum related activity. *Perkins v. Benguet, Consolidated Mining Company*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); 2 *J. Moore, Federal Practice*, ¶ 4.25 [4] (2d ed. 1953). However, unless the level of defendant's activity is sufficient to make her "present" in the forum state, there is no jurisdiction where the cause of action is unrelated to the forum state activities. *See Buckeye Boiler Company v. Superior Court*, 71 Cal.2d 893, 458 P.2d 57, 80 Cal.Rptr. 113 (1969); *Deere & Company v. Superior Court*, 18 Ariz.App. 491, 503 P.2d 967 (1972).

Here, the record indicates that the petitioner had no contact at all with California concerning the Vista note. She did not sign the note nor

any disbursal authorizations. Since her sole contact with California justifying jurisdiction as to the Crocker note was based on her signing of that note and the disbursal order, and on no other incident of doing business in California or "presence there," that note may not be used to confer jurisdiction as to the Vista note. We hold therefore that Colorado is not obligated to enforce the California judgment with respect to the Vista note.

 Respondent asserts that in so holding we are examining the merits of the California judgment. It is, of course, clear that the merits of a foreign state judgment may not be examined. *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908); *Milliken v. Meyer, supra.* Our conclusion that California had no jurisdiction over Judith Tucker in regard to the Vista note does not rest on an examination of the merits of the judgment. As we have noted, the jurisdictional basis of a foreign state judgment is open to inquiry. *Milliken v. Meyer, supra.* The fact that two causes of action happen to be combined in a single judgment cannot be considered conclusive. To allow jurisdiction as to the Vista note to be based on the unrelated contact of the Crocker note would be to open the door to abuses of the judicial process. Small claims for which jurisdiction does exist could be used to "bootstrap" larger claims for which no link can be established. This "tacking on" of claims cannot be allowed to erode the power of the enforcing state court to examine the jurisdictional basis of the judgment.

III.

 The award of attorney's fees was based on both the Crocker and Vista notes. Since we have concluded that there was no jurisdiction as the Vista note, no award of attorney's fees is appropriate in regard to that note. We therefore remand to the district court in order that evidence might be taken to determine what portion of the $2000 award is attributable to each note.

The decision of the court of appeals is affirmed in part, reversed in part and the cause is remanded for proceedings consistent with this opinion.