## No. 27675

**Mr. Steak, Inc., a Colorado corporation v. The District Court in and for the Second Judicial District of the State of Colorado, Honorable James C. Flanigan, one of the Judges thereof, and Warren Wilson**

(574 P.2d 95)

Decided February 6, 1978.

Edward F. O'Keefe, for petitioner.

Peter H. Ney, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In this original proceeding, petitioner Mr. Steak, Inc., a Colorado corporation, seeks relief in the nature of prohibition against the respondent district court. Petitioner asserts that the respondent district court erroneously dismissed a contract action brought by petitioner against Warren Wilson, a resident of Connecticut. This action was also against Steak and Onions, Inc., a Connecticut corporation, doing business in Connecticut as a franchisee of petitioner. Wilson was the president of Steak and Onions, Inc. He contended in his motion for dismissal that the respondent court did not have personal jurisdiction over him.

We issued a rule to show cause why the trial court should not be ordered to vacate its dismissal of the action as against Warren Wilson. Responses have now been received. We hold that the dismissal was erroneous and therefore we make the rule absolute.

Warren Wilson as the president of Steak and Onions, Inc. signed a franchise agreement and a lease agreement with Mr. Steak, Inc. in 1968. Over the years Steak and Onions, Inc. accumulated a debt of approximately $62,000 to Mr. Steak, Inc. Wilson came to Denver on June 20, 1973 to negotiate and execute the following memorandum agreement:

"IT IS HEREBY AGREED by and between MR. STEAK, INC. and STEAK AND ONIONS, INC. (Warren Wilson, Associate), that the accounts payable by Mr. Steak No. 317, Milford, Connecticut [Steak and Onions] as of June 15, 1973, shall be calculated and mutually agreed to as soon as possible. Any increase in the accounts payable shall be calculated monthly and the ASSOCIATE [Wilson] hereby agrees to provide additional working capital as necessary on a monthly basis to maintain the accounts payable at a figure no greater than that calculated as of June 15, 1973.
* * * *"

Wilson signed this memorandum agreement twice; once as an individual and once as president of Steak and Onions, Inc. Mr. Steak, Inc. set forth in its complaint filed in January 1977 that it rescinded and repudiated this agreement on November 8, 1976 following an alleged breach for failure "to faithfully retire the debt base of $62,123.13 at the earliest opportunity and by allowing the total indebtedness of Defendants to Plaintiff to exceed such base level by an amount of $15,735.29 as of November 1, 1976." Judgment in the total amount of $77,858.42 was requested against the defendants. Wilson was personally served with a summons in the state of Connecticut.

The issue presented here is whether Wilson's execution of the June 1973 memorandum agreement in Denver with Mr. Steak, Inc., a Colorado corporation, was sufficient under the due process clause to justify the exercise of *in personam* jurisdiction of him pursuant to Colorado's "long arm statute," which is section 13-1-124, C.R.S. 1973. This statute in pertinent part states that:

"(1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person . . . to the jurisdiction of the courts of this state concerning any cause of action arising from: (a) The transaction of any business within this state;. . ."

In *Safari Outfitt'rs v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968), we stated that this statute is to be interpreted as extending jurisdiction of our state courts to the fullest extent permitted by the due process clause of the United States Constitution.

In *Van Schaack & Co. v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975), this court adopted the following three-pronged test, formulated by the Oregon Supreme Court, in *White Lumber Sales, Inc. v. Sulmonetti*, 252 Or. 121, 448 P.2d 571 (1968), to determine whether the constitutionally required minimum contacts are present in any case:

"From the *McGee* [*McGee v. International Life Ins. Co.*, 355 U.S. 220] and *Hanson* [*Hanson v. Denckla*, 357 U.S. 235] cases, three criteria can be said to define the present outer limits of *in personam* jurisdiction based on a single act: First, the defendant must purposefully avail himself of the

privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." [citations omitted]

Applying this test to the facts here, we conclude that the exercise of jurisdiction over Wilson does not violate the requirements of due process. Consequently, we hold that the trial court improperly ruled that it did not have *in personam* jurisdiction over Wilson.

An analysis of the complaint, the exhibits filed with the complaint, and the other pleadings, reveals that the petitioner, Mr. Steak, Inc., in this lawsuit is seeking to collect past due accounts accumulated over the years by Steak and Onions, Inc. under the terms and provisions of the franchise agreement between it and Mr. Steak, Inc. and the memorandum agreement of June 1973.

The memorandum agreement which petitioner, Mr. Steak, Inc., relies on to bestow *in personam* jurisdiction over Wilson contains language from which it could reasonably be inferred that Wilson intended to guarantee the payment of at least a portion of the corporation's debts. His activities in Colorado in negotiating this memorandum agreement and his signing of it as an individual, thus binding him personally to the terms thereof, constitutes sufficient contacts under the test and rule set forth by *Van Schaack & Co. v. District Court, supra.* In *Giger v. District Court*, 189 Colo. 305, 540 P.2d 329 (1975), we upheld *in personam* jurisdiction of an out-of-state resident who had guaranteed to a Colorado lessor lease payments on property in Colorado. *See also At Home Magazine v. District Court,* 194 Colo. 331, 572 P.2d 476, in which a non-resident was held to have had a minimal contact when he opened a bank account in Colorado for the purpose of receiving magazine subscription payments.

We hold that the trial court erred in dismissing the action as against Warren Wilson. We therefore order that the dismissal be vacated, and that Wilson be given a reasonable time within which to respond to the complaint. The rule is made absolute.