**Glen E. LENEY, Plaintiff-Appellant, Cross-Appellee,**

v.

**PLUM GROVE BANK, Defendant-Appellee, Cross-Appellant,**

and

**Sheldon Moss, Defendant.**

**Nos. 80–1058, 80–1093.**

United States Court of Appeals, Tenth Circuit.

Feb. 19, 1982.

Frank J. Woodrow of Woodrow, Roushar & Weaver, Montrose, Colo., for Glen E. Leney.

Christopher Lane, Denver, Colo. (Marcia G. Enns of Dawson, Nagel, Sherman & Howard, Denver, Colo., and Harry D. Lavery of Berger, Newmark & Fenchel, Chicago, Ill., with him on the brief) for Plum Grove Bank.

Before McWILLIAMS and LOGAN, Circuit Judges, and BOHANON,* District Judge.

LOGAN, Circuit Judge.

Glen E. Leney appeals from the district court's entry of summary judgment in favor of Plum Grove Bank (Bank or Illinois bank) in the suit Leney brought to require the Bank to pay on a letter of credit. The Bank cross-appeals the court's denial of a motion to dismiss for lack of personal jurisdiction over the Bank.

Leney is the designated beneficiary in a letter of credit issued by the Bank in which the Bank agreed to pay Leney $130,000 upon compliance with the letter's terms. Illinois resident Sheldon Moss, the Bank's customer and the designated account party, procured the letter of credit from the Illinois bank at its Illinois location. The Bank mailed the letter to California resident Leney's attorney in Montrose, Colorado. According to its terms, Leney would receive payment upon presenting to the Illinois bank the letter of credit accompanied by documents showing Leney had sold to a designated Colorado corporation his interests in the real and personal property known as "Montorse [apparently Montrose] Base Metals Mills and Pokeepsie Mine Group Lease." By affidavit Leney states that the letter of credit was given as part payment for the sale to a Colorado corporation of real property, an ore reduction mill, and related equipment, all located in Colorado. Leney submitted the letter of credit to his bank in California, which transmitted a sight draft signed by Leney to the Illinois bank for payment. The Illinois bank refused to pay on the sight draft, stating it would not honor the letter of credit because of the California bank's improper endorsement and the absence of "necessary documents as described in the Letter of Credit." The California bank resubmitted the draft with an endorsement and a certificate concerning the transfer of the Colorado property. The Illinois bank again refused to honor the submission, asserting it did not comply with the requirements of the letter of credit. Leney then commenced this action.

The district court rejected the Bank's motion to dismiss for lack of personal jurisdiction over the defendant, but held in favor of the Bank on the merits. Cross-appealing on the jurisdictional issue, the Bank asks us to reach that issue only if we determine that the judgment on the merits should not be affirmed. Since a court without jurisdiction over the parties cannot render a valid judgment, we must address the jurisdictional issue first. We hold the court improperly accepted jurisdiction, and therefore we do not reach the merits of the controversy.

█ To obtain personal jurisdiction over a defendant not a resident of nor found in the forum state, the federal court must follow the state's jurisdictional statute, see Fed.R.Civ.P. 4(e), which is subject to the bounds of constitutional due process. See *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The trial court concluded that Colorado's "long-arm" statute, Colo.Rev.Stat. § 13–1–124 (1974), subjected the Bank to the court's jurisdiction. It relied upon *Van Schaack and Co. v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975), in which the Colorado Supreme Court upheld jurisdiction over a Kansas bank that had issued a letter of credit on behalf of its Kansas customer to a Colorado beneficiary in connection with obtaining an extension of time on a Colorado real estate transaction. In its due process analysis, the court found that the bank's actions had a "substantial connection" to Colorado because it had induced the extension of the contract there, its cancellation of the letter of credit caused consequences in Colorado, and the real estate was located in Colorado. *Id.* at 426. While the factual distinctions between *Van Schaack* and the case at bar may be unimportant, and while

---

* Honorable Luther L. Bohanon of the United States District Court for the Northern, Eastern, and Western Districts of Oklahoma, sitting by designation.

we are bound by the Colorado Supreme Court's interpretation of its own statute, we are not bound by its interpretations of the Due Process Clause of the United States Constitution. *See Empire Abrasive Equip. Corp. v. H. H. Watson, Inc.*, 567 F.2d 554, 556 n.1 (3d Cir. 1977). We must independently determine whether asserting jurisdiction in the federal district court in Colorado over the Illinois bank violates due process.

■ The Due Process Clause requires that before a court can exercise personal jurisdiction over a nonresident defendant, the defendant must have had such "minimum contacts" with the forum state that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). When analyzing individual fact situations under *International Shoe's* "minimum contacts" or "fundamental fairness" doctrine, some courts have focused upon a defendant's physical connections to the forum state. Others have not regarded the physical contacts as being of overriding importance and have taken what we believe is the proper approach by focusing more broadly on the fairness of requiring the defendant to defend in the forum state. *See* Casad, Shaffer v. Heitner: *An End to Ambivalence in Jurisdiction Theory?*, 26 Kan.L.Rev. 61, 64–65 (1977). *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), declared the defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." In determining whether it may fairly exercise jurisdiction based on the defendant's connections with the forum state, a court may consider the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient, effective relief, and the judicial system's interest in efficiently resolving controversies. *Id.* at 292, 100 S.Ct. at 564.

■ The Illinois bank's nexus with Colorado was very limited. The Bank's only place of business was in Illinois, and it was not authorized to do business, did no business, and had no agents or employees in Colorado. The Bank issued the letter of credit in Illinois for an Illinois customer and resident. The Illinois customer apparently had some relationship, undisclosed in the record, to the Colorado corporate purchaser. The letter was payable to Leney, a California resident, "upon presentation to the Plum Grove Bank."

Other than mailing the letter of credit to a Colorado attorney, the Bank's only connection to Colorado was its probable knowledge that the letter was going to be used in the sale of Colorado property to a Colorado corporation. Although the letter of credit does not reveal that the property involved in the sale was located in Colorado, the similarities in names ("Montorse" apparently intended to be "Montrose"), the location of the attorney to whom it was sent, the domicile of the purchasing corporation, and the subject of the sale being mining property support the inference that the Bank knew Colorado property was being sold. On these slight connections should the Bank reasonably anticipate being haled into court in Colorado? We think not.

Even though the sales transaction utilizing the letter of credit involved Colorado property, Colorado probably has little interest in adjudicating this dispute or helping this plaintiff obtain relief: Plaintiff is a California resident who sought payment on the letter of credit through his California bank, and the Illinois bank's refusal to honor it took place in Illinois. Furthermore, the record does not indicate the parties expected any dispute over the letter of credit to be resolved in Colorado. Plaintiff Leney did not ask for a letter of credit on a Colorado bank, or for confirmation by a Colorado bank. Leney had no direct dealings with the Bank with respect to the letter's issuance. The Bank did nothing in Colorado. Its Illinois customer obtained the letter of credit from the Bank in Illinois.

Any cause of action arising out of the Bank's activities would seem to originate in Illinois where the letter of credit was both issued and dishonored. *See Empire Abrasive Equip. Corp. v. H. H. Watson, Inc.*, 567 F.2d 554, 558 (3d Cir. 1977).

Additionally, we believe it is unfair to burden an issuing bank with having to defend litigation over a letter of credit in any state in which the bank could reasonably expect the credit to be used. A letter of credit is "an engagement by a bank or other person made at the request of a customer ... that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit." U.C.C. § 5–103. By issuing the letter of credit the bank substitutes its credit for that of its customer. "The bank's obligation under the letter of credit is independent of the underlying sales contract. If the presented documents comply with the terms of the letter of credit, the bank is obligated to pay regardless of whether the goods themselves conform to the contractual terms." *H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550, 553 (9th Cir.), *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).

So viewed the letter of credit is closely akin to a cashier's check or other negotiable instrument issued by a bank. *See U.C.C.* § 5–114. The most important parties are the bank and its customer on whose behalf the letter of credit is issued. To be paid, the beneficiary—like the payee of a cashier's check—need only be properly identified and comply with the conditions stated in the letter of credit. Probably every bank in the United States issues letters of credit to serve its customers. They are used by bank customers to buy goods in every state and all over the world. If we were to hold that jurisdiction is proper in Colorado on the facts of the instant case we would have to subject any bank that issues a letter of credit to suit in any state in which the bank could expect the credit to be used to buy goods or real estate.

The only federal courts that heretofore have considered the same question have held that asserting jurisdiction in such a case violates the Due Process Clause. *H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550 (9th Cir.), *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979); *Empire Abrasive Equip. Corp. v. H. H. Watson, Inc.*, 567 F.2d 554 (3d Cir. 1977); *Chrysler Corp. v. Union State Bank*, F.Supp., No. 81–71325 (E.D.Mich. Sept. 30, 1981); *Stutsman v. Patterson*, 457 F.Supp. 189 (C.D.Cal.1978); *cf. Arkansas Poultry Coop. v. Red Barn Sys.*, 468 F.2d 538 (8th Cir. 1972) (refusing to uphold personal jurisdiction over nonresident guarantor of corporate obligations).[1] In joining these courts we conclude that assertion of jurisdiction in a Colorado forum in the instant case violates the Illinois bank's right to due process.

Reversed and remanded with directions to dismiss.

---

1. We denied jurisdiction over a guarantor in *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971). However, we based denial on the plaintiff's failure to establish that the guarantor fell within a specific provision of the Kansas jurisdiction statute and did not reach the constitutional question.