PANOS INVESTMENT COMPANY, a general partnership composed of Bradley K. Panos, Thomas G. Panos, Clifton W. Panos, Geoffrey G. Panos, Gregory P. Panos, and Gus G. Panos, Trustee of the Patrick T. Panos Estate, Petitioners,

v.

The DISTRICT COURT In and For the COUNTY OF LARIMER, and the Honorable John A. Price, one of the Judges thereof, Respondents.

No. 83SA21.

Supreme Court of Colorado, En Banc.

April 25, 1983.

Dixon & Snow, Rod W. Snow, Denver, for petitioners.

Fischer & Wilmarth, Gene E. Fischer, Steven G. Francis, Fort Collins, for respondents.

NEIGHBORS, Justice.

This is an original proceeding in which the petitioners seek to prohibit the District Court for Larimer County from exercising in personam jurisdiction over them in Civil Action No. 82CV951. The petitioners filed a motion to dismiss the complaint filed against them on the ground that the court lacked personal jurisdiction over them under the Colorado long-arm statute, section 13–1–124, C.R.S.1973. The trial court denied the motion. The petitioners then filed this case pursuant to C.A.R. 21. We issued a rule to show cause. We affirm the ruling of the trial court and discharge the rule.

I.

The complaint filed in the underlying action contains the following relevant factual allegations: On October 24, 1979, Frank Hopper and Bradley K. Panos jointly signed and delivered in Larimer County a promissory note for $45,000 payable to Gene E. Fischer (Fischer). The note is attached to the complaint. It provides that monthly payments of $5,000 principal, plus interest, are to be made "at 900 Savings Building,

Fort Collins, Colorado." The makers of the note made some payments to Fischer, but have been in default since September 1, 1981. The amount of the principal balance due and owing is $17,585.

Fischer filed suit in the respondent court against Bradley Panos in his individual capacity[1] and the petitioners. Paragraph 3 of the complaint contains the following allegations with respect to the participation of the petitioners in the transaction:

"3. That the Defendant, PANOS IN-VESTMENT COMPANY, and the individual partners thereof, guaranteed in writing the payment of said Note, and said obligation is a partnership debt."

Bradley K. Panos is named in the caption as one of the persons who "composed" Panos Investment Company, a general partnership. The complaint contains no allegations about the residence of Bradley K. Panos or any of the other partners in Panos Investment Company. Nor does it state where the partnership was formed or where any of its activities are conducted.

The petitioners moved to dismiss the complaint. In their motion, the petitioners' counsel attested "by information and belief none of the Defendants are residents of, or domiciled in the State of Colorado." The motion states that all of the petitioners were served with process in Utah.

The trial court ruled that the allegations in the complaint were adequate to subject the petitioners to the jurisdiction of Colorado courts no matter where the petitioners reside. In so ruling, the court specifically found that the test set forth in *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975), to determine the adequacy of a jurisdictional foundation where jurisdiction is grounded on a single act had been satisfied.

## II.

Section 13–1–124, C.R.S.1973, provides in pertinent part:

"**Jurisdiction of courts.** (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state. . . ."

In enacting the long-arm statute, the General Assembly "intended to extend the jurisdiction of Colorado courts to the fullest extent permitted by the due process clause of the United States Constitution." *Waterval v. District Court,* 620 P.2d 5, 8 (Colo. 1980), *cert. denied,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). *Accord, e.g., Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1969).

In *Van Schaack & Co. v. District Court, supra,* we adopted the following three-prong test to be used in determining whether the requisite minimum contacts with the forum state are present in a single transaction case consistent with the requirements of due process:

"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

189 Colo. at 147, 538 P.2d 425, quoting from *State ex rel. White Lumber Sales, Inc. v. Sulmonetti,* 252 Or. 121, 127, 448 P.2d 571 (1968).

## A.

The preliminary issue to be decided is what evidence we will consider in determining whether the trial court's ruling was

---

1. Bradley Panos is a petitioner in this case only as a partner in Panos Investment Company.

He does not contest jurisdiction over him individually as the maker of the promissory note.

correct. The answer to the rule to show cause contains documents and alleged facts which were not before the trial court when it heard oral arguments on the petitioners' motion to dismiss. Specifically, references are made to an amended complaint,[2] the alleged guarantee, and other documents attached to the answer to the rule to show cause. We find this procedure unacceptable. This is another case where a party fails to comply with well-established procedures in the trial court and requests, if not expects, this court to act as the fact finder to whom relevant and important evidence is presented for the first time. We decline to consider the additional evidence. The orderly administration of justice requires that parties first present all evidence and arguments to the trial court. Simply stated, we will not consider issues and evidence presented for the first time in original proceedings. See LeGrange v. District Court, 657 P.2d 454 (Colo.1983). In City of Colorado Springs v. District Court, 184 Colo. 177, 519 P.2d 325 (1974), we stated:

"Relief in the nature of prohibition is a proper remedy only in those cases where the district court is proceeding without or in excess of its jurisdiction or has abused its discretion in exercising its functions. C.A.R. 21(a); Orcutt v. District Court, 167 Colo. 162, 445 P.2d 887 (1968). The scope of inquiry granted to this court by C.A.R. 21(a) is, therefore, limited to examining the jurisdictional grounds upon which the district court acted to determine whether or not the district court exceeded its jurisdiction or abused its discretion."

184 Colo. at 180, 519 P.2d 325. Therefore, we confine our decision to a review of the record as it existed in the trial court.

### B.

■ A party who asserts jurisdiction under the long-arm statute has the burden of establishing that the court has jurisdiction, once jurisdiction is challenged. Harvel v. District Court, 166 Colo. 520, 444 P.2d 629 (1968); Jenkins v. Glen & Helen Aircraft, Inc., 42 Colo.App. 118, 590 P.2d 983 (1979). This burden is met by making a prima facie showing of threshold jurisdiction. Texair Flyers, Inc. v. District Court, 180 Colo. 432, 506 P.2d 367 (1973). A party may make the required prima facie showing of threshold jurisdiction by alleging jurisdictional facts in the complaint, by submitting affidavits, or presenting evidence at the hearing on the motion to dismiss or to quash service of process. Fleet Leasing, Inc. v. District Court, 649 P.2d 1074 (Colo.1982); Texair Flyers, Inc. v. District Court, supra. The only jurisdictional facts in the record are the allegations of the complaint and the provisions of the promissory note attached to it and incorporated by reference.

### C.

■ We are persuaded that the allegations in the complaint are adequate to satisfy the Van Schaack test. As to the first element, a guarantee by its very nature is a purposeful act. The obligation to which the guarantee relates is payable in Colorado. Therefore, the performance or nonperformance of the guarantee in the event of a default by the makers will cause important consequences in Colorado. The second prong is satisfied because the cause of action against Panos Investment Company arose from the partnership's alleged failure to honor its guarantee to pay the promissory note in Colorado, as required by its terms, after the makers defaulted. Finally, the third element is met because the guarantee has a substantial connection with Colorado. Again, the salient fact is that the guaranteed obligation is payable in Colorado.[3] It is not unreasoanble to subject a guarantor to the jurisdiction of courts in

---

2. In his ruling of December 29, 1982, the respondent judge noted that the amended complaint was filed on December 15, 1982, two days after the hearing on the motion to dismiss.

3. The record before the trial court when the respondent judge ruled on the motion to dismiss did not contain the guarantee. It has been held that where the guarantee agreement does not provide otherwise the guarantee obligations are payable at the place of payment specified in the note guaranteed. Gubitosi v. Buddy Schoellkopf Products, Inc., 545 S.W.2d 528 (Tex.Civ.App.1976).

the very state where an obligation is specifically payable when the makers fail to perform their obligations and the guarantee becomes operable.

Our earlier cases forecast the result reached here. *See Tucker v. Vista Financial Corp.*, 192 Colo. 440, 560 P.2d 453 (1977) (Colorado resident's execution of promissory note payable to California bank, together with disbursal authorization, enabled California courts to assert personal jurisdiction over that maker even though she signed the documents in Colorado and forwarded them to the bank. by mail); *Giger v. District Court*, 189 Colo. 305, 540 P.2d 329 (1975) (Missouri resident's written guarantee of performance of covenants in lease of Colorado real property, given as part of consideration for lessor's consent to assignment of a leasehold, subjected the guarantor to personal jurisdiction in Colorado to enforce the guarantee even though the guarantor signed the agreement in Missouri); and *Van Schaack & Co. v. District Court, supra* (Kansas bank's issuance of letter of credit to guarantee payment by real estate purchaser of amount required by contract to extend the time for performance of purchaser's contract obligations to buy Colorado real property subjected the bank to personal jurisdiction in Colorado to enforce the letter of credit). *See also Waterval v. District Court, supra; Mister Steak, Inc. v. District Court*, 194 Colo. 519, 574 P.2d 95 (1978); and *At Home Magazine v. District Court*, 194 Colo. 331, 572 P.2d 476 (1977).

Some state courts have held that it is consistent with fair play and substantial justice to subject a nonresident defendant to personal jurisdiction under facts similar to those before us,[4] while other jurisdictions have adopted a contrary view.[5] The analysis contained in opinions upholding jurisdiction in these circumstances is more persuasive. It is only realistic to assume that the guarantees in those cases were important inducements to the extension of credit to a third party and that the guarantor knew it. The creditor seeks assurances that the debt will be paid in accordance with its terms, including place of payment. When the primary obligor defaults, it is unreasonable and inconsistent with fair play to expect the creditor to pursue the guarantor in a different forum to enforce the guarantor's agreement to underwrite the primary obligor's promise that the money will be paid in the forum state.

To require a guarantor to defend in the courts of the state where the guaranteed obligation is payable is fully consistent with "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The contacts of Panos Investment Company with the State of Colorado, as alleged in the complaint, are adequate to meet the requirements of *Van Schaack & Co. v. District Court, supra*, and of the decisions of the United States Supreme Court from which the *Van Schaack* test was derived. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

III.

The ruling of the trial court is affirmed. The rule is discharged.[6]

---

4. *E.g., First Wyoming Bank v. Trans Mountain Sales & Leasing, Inc.*, 602 P.2d 1219 (Wyo. 1979) (nonresident guarantor of promissory note payable to Wyoming bank was subject to personal jurisdiction in Wyoming in action on the guarantee even though the guarantee was executed in Colorado).

5. *E.g., Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir.1971) (Oklahoma resident who executed and mailed in Oklahoma a guarantee of contract payments to have been made in Kansas by Oklahoma lessee of equipment leased by Kansas lessor was not subject to personal jurisdiction in Kansas).

6. The issue of insufficient service of process raised on behalf of Thomas Panos is not before us because the trial court did not rule on his motion to dismiss. We note, however, that the remedy for alleged insufficient process is to quash service of process, rather than to dismiss the complaint. *Hoen v. District Court*, 159 Colo. 451, 412 P.2d 428 (1966); *Bolger v. Dial-A-Style Leasing Corp.*, 159 Colo. 44, 409 P.2d 517 (1966); *Fletcher v. District Court*, 137 Colo. 143, 322 P.2d 96 (1958).