IMMUNO MYCOLOGICS, INC., an Oklahoma corporation, Plaintiff,

v.

SYNTEX CORPORATION, a Panamanian corporation, Syntex (U.S.A.), Inc., a Delaware corporation, and Syva Company, a Delaware corporation, Defendants.

No. 90–C–435–B.

United States District Court, N.D. Oklahoma.

May 31, 1991.

Feldman, Hall, Franden, Woodard & Farris, Joseph R. Farris, Tulsa, Okl., Lyon & Lyon, Douglas E. Olson, John M. Benassi,

William C. Steffin, Berry M. Chandler and Matthew W. Knight, Los Angeles, Cal., for plaintiff.

Foliart, Huff, Ottaway & Caldwell, Larry D. Ottaway, Michael C. Felty, Oklahoma City, Okl., Morgan & Finnegan, James W. Gould, Gabriel P. Kralik, New York City, for defendants.

## ORDER OVERRULING MOTION TO DISMISS OF SYNTEX CORPORATION AND SYNTEX (U.S.A.), INC.

BRETT, District Judge.

Before the Court for decision is the Special Appearance and Motion to Dismiss of Syntex Corporation and Syntex (U.S.A.), Inc. under Fed.R.Civ.P. 12(b)(2), (3) and (6) directed to Plaintiff's First Amended Complaint. Syntex Corporation and Syntex (U.S.A.), Inc. each assert that neither has had sufficient contact with the Northern District of Oklahoma for this Court to have *in personam* jurisdiction. Venue in such an alleged patent infringement action is premised under 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(c).

To establish "general" jurisdiction over Syntex Corporation or Syntex (U.S.A.), Inc., the record must reflect certain minimal contacts with the forum such that the suit does not offend "traditional notions of fair play and substantial justice." *Leney v. Plum Grove Bank,* 670 F.2d 878, 880 (10th Cir.1982), quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The test is whether or not the record reflects "conduct and connection with the forum state such that (Defendant) should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *See also, Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ The Oklahoma Long Arm Statute has been interpreted to extend *in personam* jurisdiction of Oklahoma courts to the limits allowed by the federal constitution. *Fields v. Volkswagen of America, Inc.,* 555 P.2d 48, 52 (Okla.1976), and *Marathon*

*Battery Co. v. Kilpatrick,* 418 P.2d 900 (Okla.1965).

■ The record reflects that Syntex Corporation, a Panamanian corporation, is the overall parent, owning 100% of Syntex (U.S.A.), Inc., a Delaware corporation, which in turn owns 100% of its subsidiary, the Defendant Syva Company, a Delaware corporation.

Plaintiff has filed a Motion to Strike the affidavits of Melvin Kerner and Robert Wolf filed in support of the Syntex Motions to Dismiss. While the Court is not striking the Kerner and Wolf affidavits, it is quite clear from subsequent depositions taken of Kerner and Wolf that they had no first-hand knowledge of numerous material facts and conclusions stated in their respective affidavits. The Court will simply disregard such facts and conclusions.

The following relevant facts regarding the issue of *in personam* jurisdiction and/or alter ego are established in the record:

1. The Defendant Syva Company, a Delaware corporation, contests neither venue nor *in personam* jurisdiction;

2. The alleged infringing device is sold under the AccuLevel® trademark which is owned by Syntex (U.S.A.), Inc.;

3. Directors of Syva Company are officers of Syntex Corporation;

4. Syntex Medical Diagnostics (SMD) appears in the record to most probably be a division of Syntex (U.S.A.), Inc. SMD was directly involved in developing and distributing the subject alleged infringing device. It is probable that SMD sales representatives were active in selling the device by either telephone or in person within the Northern District of Oklahoma;

5. Dick Rogers, Chief Operating Officer of the parent Syntex Corporation, Panama, personally was involved in directing the development and marketing effort of the alleged infringing AccuLevel theophylline assay.

The Court has examined the entire record before it and concludes that complex issues of fact and law exist regarding Syn-

**1114**

tex Corporation and Syntex (U.S.A.), Inc.'s involvement in the developing and marketing of the subject alleged infringing device, including Plaintiff's alleged alter ego theory, and should therefore await a full trial. *American Land v. Bonaventura Uitgevers Maatschappij*, 710 F.2d 1449 (10th Cir. 1983); *Eby v. Reb Realty, Inc.*, 495 F.2d 646 (9th Cir.1974).

Therefore, the Motions to Dismiss of Syntex Corporation and Syntex (U.S.A.), Inc. are hereby OVERRULED. The Plaintiff will be expected at the time of trial to support its allegations of *in personam* jurisdiction over the Syntex Corporation and/or Syntex (U.S.A.), Inc. The parties shall abide by the following pretrial and trial schedule:

| | |
|---|---|
| July 1, 1991 | Discovery cut-off |
| July 10, 1991 | File dispositive motions |
| July 25, 1991 | Responses to dispositive motions |
| August 5, 1991 | Replies to responses to dispositive motions |
| August 9, 1991 | File any motions in limine |
| August 16, 1991 11:00 A.M. | Final pretrial conference and hearing on motions |
| September 6, 1991 | File agreed pretrial order (exchange all exhibits including demonstrative exhibits) |
| October 4, 1991 | File requested voir dire, requested instructions, any trial brief a party wishes to file |
| October 21, 1991 | Jury trial at 9:30 A.M. |