No. 82-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

ROBERT S. BENHAM as receiver of
MANUFACTURERS and WHOLESALERS
INDEMNITY EXCHANGE,

                Plaintiff and Appellant,

    vs.

AGNES WOLTERMANN, GARY G. WOLTERMANN
and RONALD LEE WOLTERMANN,

                Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone
              Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Hauf and Forsythe, Billings, Montana
        John Hollow, Helena, Montana
        Sidney Delong argued, Denver, Colorado

    For Respondents:

        Thomas E. Boland argued, Great Falls, Montana

---

              Submitted:  September 8, 1982

                Decided:  November 3, 1982

Filed:   NOV 3 - 1982

_Thomas J. Kearney_
                      Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, Benham, filed a complaint in the Thirteenth Judicial District in and for the County of Yellowstone, on May 29, 1981, to collect on a judgment taken against respondents, the Woltermanns, in Colorado on October 21, 1980. The Woltermanns let the Colorado judgment be taken against them by default. When the complaint on the judgment was filed in Montana District Court, the Woltermanns moved for summary judgment. The Montana District Court granted the Woltermann's motion and held the Colorado District Court had no personal jurisdiction over the Woltermanns and the judgment entered in Colorado was void and could not be given full faith and credit in the State of Montana. From the summary judgment, Benham appeals.

In 1974, the Woltermanns purchased a one-year insurance policy issued by Manufacturers and Wholesalers Indemnity Exchange (M & W) through the Harris Insurance Agency of Columbus, Montana. M & W is a reciprocal interinsurance exchange organized under section 10-13-101, et seq., Colo.Rev.Stat. (1973). Reciprocal interinsurance exchanges are recognized in Montana by section 33-5-101 et seq., MCA. An interinsurance exchange is a method of creating an insurance fund whereby the policyholders, known as subscribers, operate individually and collectively through an attorney-in-fact to provide reciprocal insurance among themselves. Via an exchange of indemnity, each subscriber is both an insured and an insurer of each of the other subscribers.

Exchange premiums take the form of initial deposits made by each subscriber. At the end of each year the subscribers either receive the excess of premiums paid over claims and expenses paid, or become contingently liable for excess claims and expenses over premiums paid. Thus, the subscribers can receive a return in a good year but may have to pay additional premiums in a bad year.

In 1975, M & W's claims and expenses exceeded the total

amount of premiums paid. Thus, M & W was placed into receivership and the receiver, Benham, initiated lawsuits in the State of Colorado against former policyholders of M & W in order to collect an assessment levied by him. The assessment amounts were equal to one year's annual premium paid by the policyholders for each policy in force during 1974 or 1975.

The Woltermanns, as policyholders of M & W, were sued by Benham in one such action entitled, Robert S. Benham, as Receiver of Manufacturers and Wholesalers Indemnity Exchange v. Frank Whitson, Jr. d/b/a A-1 Auto Parts and Used Car, et al. This action was filed in the District Court, in and for the City and County of Denver, State of Colorado. The Woltermanns were served with a copy of the summons and complaint by the Stillwater County sheriff on June 3, 1980. The Woltermanns did not appear in the Colorado action and the Colorado District Court entered a default judgment against them on October 1, 1980, in the amount of $724.15

Benham then filed a complaint on the Colorado judgment in the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, State of Montana. The Woltermanns moved for summary judgment on the complaint. The Montana District Court granted the motion for summary judgment and held the Colorado District Court had no personal jurisdiction over the Woltermanns. In holding that the judgment taken by default in Colorado was void, the court held that it could not be given full faith and credit in the State of Montana. Benham appeals the District Court's summary judgment.

The issue raised on appeal is whether the Montana District Court erred in granting the Woltermanns' motion for summary judgment, and in finding that the Colorado District Court did not have jurisdiction over the Woltermanns when judgment was entered against them by default.

Benham claims Colorado has jurisdiction of the Woltermanns via section 13-1-124, Colo.Rev.Stat., which provides:

> "Jurisdiction of courts. (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
>
> "(a) the transaction of any business within this state;
>
> ". . .
>
> "(d) contracting to insure any person, property, or risk residing or located within this state at the time of contracting."

Benham argues Colorado had jurisdiction over the Woltermanns because as subscribers to the insurance exchange the Woltermanns both transacted insurance business in Colorado through their appointed attorney-in-fact, and insured risks in Colorado through the exchange of indemnity. However, the Colorado long-arm statute cannot be utilized to obtain personal jurisdiction where it would deny one's right to due process of law. In Safari Outfitters, Inc. v. Superior Court (1968), 167 Colo. 456, 448 P.2d 783, the Colorado Supreme Court held: "By enacting the latter statutes, our legislature intended to extend the jurisdiction of our courts to the fullest extent permitted by the due process clause of the United States Constitution." The United States Supreme Court has addressed the question of personal jurisdiction several times. In International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Supreme Court stated:

> ". . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158.

The Supreme Court further stated:

> "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." 326 U.S. at 319, 66 S.Ct. at 160.

The determination of whether there are sufficient minimum contacts to warrant personal jurisdiction hinges upon the facts of each individual case. In May v. Figgins (1980), _____ Mont. _____ , 607 P.2d 1132, 37 St.Rep. 493, this Court traced the development and application of the minimum contacts rule in the United States Supreme Court. We do not find it necessary to elaborate on the rule here. However, the facts of May, supra, are helpful in determining the outcome of the present case.

In May, supra, Figgins was a road contractor who did road work in Montana. Pursuant to a collective bargaining compliance agreement with the teamster's union, Figgins was required to make contributions to the Teamsters Pension Trust Fund at the depository bank in Denver, Colorado. Figgins sent thirty-five checks to the trust account in Denver, Colorado. After an audit, the administrator of the trust brought an action in Colorado to collect delinquent employer contributions from Figgins. Figgins was served with a summons in Montana, but he did not defend the lawsuit and judgment was taken against him by default. The plaintiff then filed a complaint on the judgment in Montana. Figgins moved for summary judgment claiming Colorado had no personal jurisdiction but the Montana District Court denied summary judgment and found for the plaintiff. On appeal this Court reversed the decision of the lower court because there was an insufficient showing of the requisite minimum contacts as mandated by the United States Supreme Court. This Court held although Figgins had sent checks to a Colorado trust account, there was no act by which the defendant purposely availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. This requirement was defined by the United States Supreme Court in Hanson v. Denkla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

In the present case we find a similar factual situation. The Woltermanns purchased an insurance policy from an insurance agent

in Columbus, Montana. They did not even know the name of the company that issued the policy. The Woltermanns simply had no contact with the State of Colorado. This type of insurance "company" is not what was contemplated when the long-arm statutes were drafted. These statutes were intended to remedy the type of situation that arose in MaGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. In Magee, a beneficiary of a life insurance policy purchased by the decedent from an Arizona company, brought suit in California to enforce the terms of the policy. The only connection the insurance company had with the State of California was that it had mailed a reinsurance certificate to the decedent in California and later delivered the insurance contract there. When the Texas courts refused to give full faith and credit to a judgment the beneficiary obtained in California on the grounds that California had no personal jurisdiction over the insurance company, the United States Supreme Court reversed holding there was personal jurisdiction in California based on the minimum contacts rationale of International Shoe, supra. The Court stated:

> "It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow an insurance company to a distant State in order to hold it legally accountable. When claims were small or moderate individuals could not afford the cost of bringing an action in a foreign forum - thus in effect making the company judgment proof." 355 U.S. at 223, 78 S.Ct. at 201.

Obviously, this is not the same type of situation that confronts us in the present case.

Further, the record does not indicate the Woltermanns purposely availed themselves of the privilege of conducting activities in the State of Colorado. As was stated above, the Woltermanns did not even know the name of the insurance company that issued the policy. Thus, we find there was not the required minimum contact with the State of Colorado necessary to give that state personal jurisdiction of the Woltermanns, nor is there any

showing that the Woltermanns purposely availed themselves to Colorado's jurisdiction.

Judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Honorable L. C. Gulbrandson,
District Judge, sitting in place
of Mr. Justice John C. Sheehy

Mr. Justice Frank B. Morrison, Jr., dissenting:

I respectfully dissent.

The majority correctly notes that Colorado's "long-arm" statute provides for jurisdiction where persons have contracted to insure any person, property, or risk located within the State of Colorado. There can be little question that the defendants, Woltermann, contracted to insure other members of the exchange who resided in Colorado, and thereby fall within the ambent of Colorado's "long-arm" statute.

The majority apparently feels that Colorado's "long-arm" statute offends due process notions articulated in International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. However, since the Woltermanns contracted to insure people and risks in the State of Colorado, they did business within the State of Colorado and no violence is done to due process concepts.

As the majority opinion points out, Woltermanns dealt through an insurance agency in Columbus, Montana. It is true that Woltermanns may not have fully understood the ramifications of their insurance contract. This is no excuse. Under such circumstances, Woltermanns' remedy would be against their agent. The agent did, in fact, bind the Woltermanns to an insurance contract insuring risks and persons in the State of Colorado thereby subjecting Woltermanns to the jurisdiction of Colorado courts.

In my opinion, the majority here denies full faith and credit to a valid judgment of a sister state.

_____
                                                    Justice

I concur in the foregoing dissent.

_____
Honorable L. C. Gulbrandson,
District Judge, sitting in place
of Mr. Justice John C. Sheehy

-8-