679 P.2d 261

Robert S. BENHAM, as Receiver of Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellee,

v.

FOREST PRODUCTS COMPANY and Graham McNary, Personally and as Agent for Forest Products Company, Defendants-Appellants.

and

Robert S. BENHAM, as Receiver of Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellee,

v.

Graham McNARY, Defendant-Appellant.

No. 14594.

Supreme Court of New Mexico.

April 5, 1984.

Marron, McKinnon & Ewing, Steven C. Ewing, Albuquerque, for defendants-appellants.

Toulouse, Toulouse & Garcia, Charlotte Mary Toulouse, Albuquerque, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

This appeal arose from suits brought in the Bernalillo County district court. Benham (appellee) filed suit in order to reduce default judgments obtained in Colorado against Forest Products Company and Graham McNary (appellants) to enforceable domestic judgments in New Mexico. The suits were consolidated and after a hearing the district court granted appellee's motion for summary judgment. From the summary judgment, Forest Products Company and Graham McNary appeal. We affirm.

The sole issue we decide on appeal is whether the default judgments entered against the appellants in Colorado are entitled to full faith and credit in New Mexico.

The appellee, the Insurance Commissioner of Colorado, is the receiver of Manufacturers and Wholesalers Indemnity Exchange which was an inter-insurance exchange organized in Colorado. The appellants are New Mexico residents and as members or subscribers of this insurance exchange operated through an attorney-in-fact located in Denver, Colorado to provide insurance for themselves and other subscribers. This was accomplished through an exchange of indemnity whereby each subscriber was both an insured and an insurer of each of the other subscribers. For their insurance, subscribers paid annu-

al premiums to the exchange in the form of deposits. Expenses incurred and claims against the exchange were paid from these deposits. At the end of each year, subscribers received the excess of premiums paid over expenses and claims paid. If expenses and claims paid exceeded premiums received in a given year, the subscribers agreed to be contingently liable for excess expenses and claims over premiums paid.

During 1974 and 1975, the exchange suffered losses in excess of premiums collected and this resulted in the exchange being placed into receivership in Colorado. In 1977, the Colorado district court ordered the appellee to collect all assets of the exchange and to levy an assessment of one annual premium against all subscribers holding policies for the years 1974 and 1975. The appellee was also ordered to file suit against all subscribers who failed to pay the assessments. The appellants did not pay the assessment and, in 1980, suit was filed against them and over 800 other defendants in the Colorado district court for Denver County. The appellants were personally served in Albuquerque and default judgments were later taken against them when they failed to answer or otherwise contest the action.

The appellee then filed the complaints on the Colorado judgments in the district court of Bernalillo County. Following a consolidation of these suits, the appellee moved for summary judgment. After a hearing, the district court granted the motion for summary judgment. The district court found that by becoming subscribers of the exchange, and by acting through a Colorado-based attorney-in-fact, appellants transacted business within Colorado, contracted to insure risks in Colorado, and purposely availed themselves of the benefits and protections of Colorado law and the privilege of conducting business in Colorado. Based on these findings, the district court of Bernalillo County concluded that the Colorado district court had personal jurisdiction over the appellants and that the default judgments entered against them were entitled to full faith and credit in New Mexico.

The appellants argue that the Colorado court lacked sufficient minimum contacts to assert personal jurisdiction over them and that the exercise of such jurisdiction deprived the appellants of due process of law. The appellee contends that Colorado properly obtained jurisdiction of the appellants pursuant to Colo.Rev.Stat. Section 13–1–124 (Orig.Vol. and Cum.Supp.1983) which provides in part:

> Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
>
> (a) The transaction of any business within this state;
>
>    \*     \*     \*     \*     \*     \*
>
> (d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting
> \* \* \* \*

The appellee claims that in the present case, the appellants, as subscribers of the insurance exchange, purposefully availed themselves of the privilege of conducting activities in Colorado by transacting business in Colorado through their attorney-in-fact, and by insuring risks in Colorado through the exchange of indemnity.

We must determine therefore whether the Colorado court's assertion of personal jurisdiction over the appellants was a constitutional exercise of state sovereignty and whether it offended the due process clause of the United States Constitution. In *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the United States Supreme Court stated:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not of-

fend "traditional notions of fair play and substantial justice." (citation omitted)

In reviewing the sufficiency of contacts with the forum state, the United States Supreme Court in *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) determined that:

> The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. (citation omitted)

Appellants claim that they have neither purposely availed themselves of the privilege of conducting activities within Colorado nor invoked the benefits or protections of its laws and therefore the Colorado court lacked jurisdiction to enter judgment against the appellants. We do not agree. Appellants acknowledge that for over 20 years, they were subscribers of the insurance exchange, the terms of which were governed by and regulated under Colorado law. Colo.Rev.Stat. §§ 10–13–101 to 114 (Orig.Vol. and Cum.Supp.1983). Under the terms of this exchange, individuals, partnerships, and corporations indemnified each other against certain types of losses through a mutual exchange of insurance contracts. This exchange of contracts was accomplished through a common attorney-in-fact appointed by each subscriber. Moreover, subscribers of this type of insurance exchange are required to deposit, through their attorney-in-fact, money or securities with the Colorado Insurance Commissioner as security for the performance of all reciprocal contracts and as security for any act or omission of the attorney-in-fact. Colo.Rev.Stat. § 10–13–101 (1973).

The appellants cite a recently decided Montana case, *Benham v. Woltermann,* Mont., 653 P.2d 135 (1982), in which the Montana Supreme Court held that non-resident subscribers to this same insurance exchange had not established sufficient minimum contacts with Colorado such that the Colorado district court could exercise personal jurisdiction over them. However, the court in *Woltermann* based its decision on the fact that:

> [T]he Woltermanns did not even know the name of the insurance company that issued the policy. Thus, we find there was not the required minimum contact with the State of Colorado necessary to give that state personal jurisdiction of the Woltermanns * * * *

*Woltermann,* 653 P.2d at 138.

We are not persuaded by the decision of the Montana court. The issue of whether or not a party knew the name of an insurance company has little or no bearing on the relevant issue, whether the appellants engaged in any act in the State of Colorado sufficient to subject them to the authority of the Colorado court. Under the facts presented in this case, we find that they did.

The Colorado courts apply the test found in *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975) to determine whether, under Colorado law, the exercise of personal jurisdiction over a non-resident would offend traditional notions of fair play and substantial justice. *Panos Investment Co. v. District Court,* 662 P.2d 180 (Colo.1983). The test in *Van Schaack* is based on the criteria found in *Hanson* and *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). This test requires that (1) the defendant purposefully avail himself of the privilege of acting in the forum state or of causing important consequences there; (2) the cause of action must arise from the consequences in the forum state as a result of the defendant's activities; and (3) the activities of the defendant or the consequences of these activities must have a substantial connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Van Schaack,* 189 Colo. at 147, 538 P.2d at 426.

**122**

The State of Colorado, in enacting its long-arm statute, intended to extend the jurisdiction of the Colorado courts "to the fullest extent permitted by the due process clause of the fourteenth amendment to the United States Constitution." *Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 459, 448 P.2d 783, 784 (1968). In *Safari Outfitters*, the Colorado court applied the minimum contacts standards enunciated by the United States Supreme Court in *International Shoe* and *Hanson*.

In the present case, we have reviewed the record and agree with the findings of the district court that all three requirements of the test are satisfied. The appellants have sufficient minimum contacts with Colorado such that maintenance of the action against them in Colorado was constitutionally permissible. Moreover, the appellants' activities in Colorado fall directly within the scope of the Colorado long-arm statute.

Colorado has a real interest in providing an effective means of redress for those parties having claims against the insolvent insurance exchange.

We hold that New Mexico should give full faith and credit to the judgments entered against the appellants by the Colorado district court.

For these reasons, the judgment of the district court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.