NEW FRONTIER MEDIA, INC.,
a Colorado corporation,
Plaintiff–Appellant,

v.

Henry FREEMAN, an individual, and
Noel Westerland, an individual,
Defendants–Appellees.

No. 02CA1511.

Colorado Court of Appeals,
Div. A.

Dec. 31, 2003.

Senn Visciano Kirschenbaum, P.C., Frank W. Visciano, Luis A. Toro, Denver, Colorado, for Plaintiff–Appellant.

Gorsuch Kirgis LLP, Peter R. Nadel, Carrie C. Kollar, Denver, Colorado, for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

In this declaratory judgment action, plaintiff, New Frontier Media, Inc., appeals from the judgment dismissing its complaint for lack of personal jurisdiction over defendants, Henry Freeman and Noel Westerland. We affirm.

The following facts are not disputed. Plaintiff is a Colorado corporation, Freeman is a resident of New Jersey, and Westerland is a resident of Florida. Defendants are shareholders in three New Jersey corporations.

In 2000, a representative of plaintiff met with Freeman in New York and inquired whether defendants would be interested in selling to plaintiff their stock in the New Jersey corporations. Defendants then authorized a business associate, Mark Scagliuso, who resided in Atlanta, Georgia, to negotiate with plaintiff on their behalf. Thereafter, telephonic negotiations took place between plaintiff and defendants, through Scagliuso.

These negotiations culminated in the parties entering into a Letter of Intent (LOI) that was signed by defendants in New Jersey. The LOI summarized potential terms of the proposed transaction and also contained several binding terms. One of these terms provided, in relevant part, that if plaintiff terminated negotiations without cause or refused to consummate the transaction, it would be required to reimburse defendants for their documented expenses up to a maximum of $100,000.

Several months after the parties executed the LOI, Scagliuso sent a letter to plaintiff in Colorado setting forth several modifications to the proposed transaction and indicating that he could not recommend to defendants that they proceed without those modifications. After some additional communications between the parties, negotiations broke down, and the proposed transaction was never completed. Several months later, Scagliuso sent another letter to plaintiff in Colorado seeking reimbursement pursuant to the LOI for $100,000 in expenses.

Plaintiff then commenced this action in Colorado seeking a declaratory judgment as to the parties' respective rights and obligations under the LOI. Defendants filed motions to dismiss, arguing that the court lacked personal jurisdiction over them. Relying primarily on the fact that plaintiff had initiated the proposed transaction, the trial court concluded that defendants did not have sufficient contacts with Colorado to justify exercising personal jurisdiction over them, and it granted defendants' motions to dismiss the action.

On appeal, plaintiff contends that this determination was erroneous. Although our reasoning differs somewhat from that of the trial court, we disagree with plaintiff's contention.

■ Whether a court may properly assert personal jurisdiction over a party is a question of law, to be reviewed de novo by this court. *Union Pac. R.R. v. Equitas Ltd.,* 987 P.2d 954 (Colo.App.1999).

Colorado's long-arm statute extends jurisdiction to anyone who personally, or through an agent, engages in the transaction of any business within Colorado, where the claim for relief arises from transaction of that business. *See* § 13–1–124(1)(a), C.R.S.2003. In adopting this statute, the General Assembly intended to extend the personal jurisdiction of Colorado's courts to their maximum limits permissible under the United States and Colorado Constitutions. *Scheuer v. Dist. Court,* 684 P.2d 249 (Colo.1984). Thus, with regard to the kinds of acts described by the statute, "[t]his interpretation obviates the need for statutory analysis separate from the due process inquiry required by *International Shoe*

*Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny." *Keefe v. Kirschenbaum & Kirschenbaum, P.C.,* 40 P.3d 1267, 1270 (Colo.2002)(quoting *C.F.H. Enter., Inc. v. Heatcool,* 538 F.Supp. 774, 775 (D.Colo.1982)).

■ States generally have a manifest interest in providing their residents with a convenient forum for redressing injuries inflicted by out-of-state actors, and while presence is clearly not a prerequisite of personal jurisdiction, nevertheless, due process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a remote forum. *Keefe v. Kirschenbaum & Kirschenbaum, P.C., supra,* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■ The foreseeability that is critical to the due process analysis necessarily requires that the defendant's conduct and connection with the forum state be such that the defendant should reasonably anticipate being haled into court there. *Keefe v. Kirschenbaum & Kirschenbaum, P.C., supra.* The constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum state, and it is essential that there be some act by which the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Keefe v. Kirschenbaum & Kirschenbaum, P.C., supra* (citing *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and *Int'l Shoe Co. v. Washington, supra* ).

■ For a jurisdiction to adjudicate claims arising from a nonresident's contacts with the forum state, the fair warning requirement is satisfied if the litigation results from alleged injuries that arise out of or relate to activities that are significant and purposefully directed by the defendant at residents of the forum. *Keefe v. Kirschenbaum & Kirschenbaum, P.C., supra.*

■ Here, plaintiff relies upon the following to establish the required minimum contacts: (1) the existence of the LOI; (2) the

letter defendants' agent sent to plaintiff in Colorado proposing modifications to the proposed transaction; and (3) the agent's demand letter pursuant to the LOI sent to Colorado after plaintiff's notice of termination. We conclude that these contacts were insufficient.

When the only alleged basis for jurisdiction is a contract between a resident plaintiff and a nonresident defendant, the necessary minimum contacts are not present to confer personal jurisdiction over such a defendant. *See SGI Air Holdings II LLC v. Novartis Int'l, AG,* 192 F.Supp.2d 1195, 1202 (D.Colo. 2002) ("the law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum"); *Automated Quill, Inc. v. Chernow,* 455 F.Supp. 428, 432 (D.Colo.1978) ("mere existence of a contract" is insufficient to support personal jurisdiction).

Instead, to confer jurisdiction, the contract typically must either require activity by the defendant in the forum state, *see Scheuer v. Dist. Court, supra* (ongoing legal representation); have been negotiated in-state pursuant to substantial and significant contacts, *see Mr. Steak, Inc. v. Dist. Court,* 194 Colo. 519, 574 P.2d 95 (1978); have been executed by the defendant in-state, *see Halliburton Co. v. Texana Oil Co.,* 471 F.Supp. 1017 (D.Colo.1979); or have been solicited by the out-of-state defendant, *see Martinez v. Farmington Motors, Inc.,* 931 P.2d 546 (Colo. App.1996). Accordingly, in evaluating the sufficiency of contacts pursuant to a contract, we examine the origin of the relationship, the significance of the negotiations, the execution of the contract itself, and any future obligations in Colorado by the defendant arising out of the contract.

To constitute activity in the forum state, physical presence is not required; instead, contact by telephone or mail may be sufficient to furnish the necessary minimum contacts. *See H2O Eng'g, Inc. v. Leidy's, Inc.,* 799 P.2d 432 (Colo.App.1990), *rev'd on other grounds,* 811 P.2d 38 (Colo.1991); *see also Burger King Corp. v. Rudzewicz, supra* (noting the inescapable fact that a substantial amount of business is now transacted solely by mail and telephone communications across state lines). However, absent other persuasive contacts, when such communications are related to a "mere contract," even substantial alleged telephone and mail contacts may not be sufficient. *See Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F.Supp.2d 1250 (D.Colo.2000)(approximately 138 facsimile and telephone contacts pursuant to transaction not sufficient).

Here, it is undisputed that defendants did not enter Colorado in the course of this transaction and that they had no other contacts with Colorado. It is also undisputed that plaintiff initiated the transaction with defendants out of state, the due diligence pursuant to the LOI was done out of state, the assets to be purchased are located out of state, the LOI did not require defendants to perform any act within Colorado, and the LOI was signed out of state.

Thus, because most of the requisite contacts are missing here, we are not persuaded that the two letters sent from defendants' agent to plaintiff in Colorado are otherwise sufficient to establish the minimum contacts to obtain jurisdiction over defendants. Although we acknowledge that personal jurisdiction is determined on a case-by-case basis, plaintiff has cited no authority, and we have found none, permitting jurisdiction on the basis of the contacts shown here.

Moreover, although considerations such as the forum state's interest in adjudicating the dispute and the plaintiff's interest in obtaining convenient and effective relief may also establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required, *see Keefe v. Kirschenbaum & Kirschenbaum, P.C., supra,* plaintiff has made no showing that litigating out of state would cause it particular hardship or that Colorado has any particular interest in maintaining jurisdiction over this action.

Accordingly, we conclude that defendants have not purposefully engaged in sufficient contacts with Colorado relating to the LOI so as to justify the trial court's exercise of personal jurisdiction over them in this action

seeking to determine the parties' rights under the LOI itself.

The judgment is affirmed.

Judge WEBB and Judge HUME * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.