J.E.H. KNUTSON, Plaintiff,

v.

The WALKER GROUP,
INC., Defendant.

No. 03–F–1973 MJW.

United States District Court,
D. Colorado.

May 27, 2004.

Colin A. Walker, Fairfield & Woods, P.C., Denver, CO, for Plaintiff.

Joshua Maximon, Stuart D. Mann, LLC, Broomfield, CO, for Defendant.

## ORDER ON PENDING MOTIONS

FIGA, District Judge.

This matter comes before the Court on defendant's motion to dismiss the complaint for failure to name the correct defendant (Dkt # 6); the defendant's objection to the November 18, 2003 Order of the Magistrate Judge allowing the plaintiff to amend the complaint to name the correct defendant (Dkt # 20); the defendant's objection to the December 10, 2004 Order of the Magistrate Judge denying defendant's motion to stay or transfer this case (Dkt # 32); and defendant's motion to dismiss for lack of personal jurisdiction, filed January 9, 2004 (Dkt # 35). Also pending is plaintiff's motion for leave to file a second amended complaint, filed February 2, 2004 (Dkt # 44).

## Background

Plaintiff J.E.H. Knutson, an individual, filed a complaint in the Boulder County District Court on August 12, 2003, against Defendant Walker & Associates, Inc., seeking a declaratory judgment that he was not liable on a guaranty that he had provided in connection with a loan that had been made by Walker to an entity known as First Layer, Inc., a Colorado corporation located in Boulder, Colorado. Plaintiff was apparently the president of First Layer at the time the loan was made and provided a personal guarantee of the loan. Plaintiff asserts in his complaint that he is entitled to a declaratory judgment on the basis that the defendant has already received assets from First Layer "that more than satisfy First Layer's obligations to Defendant under the Note," and therefore the guarantee has been satisfied (Complaint, ¶ 9). Defendant Walker & Associates, Inc., removed the case to this Court on October 3, 2003.

On October 8, 2004, Walker & Associates filed a motion to dismiss the complaint without prejudice asserting that Knutson had named the wrong party, as the guarantee was actually due to Walker Group, Inc., a related but different entity. Plaintiff responded by filing a motion to amend the complaint to name the correct party. This motion was granted by the Magistrate Judge's Order of November 18, 2003, and he ordered Walker Group, Inc. be substituted as the correct party.

In the interim, on November 7, 2003 Defendant Walker & Associates, Inc. moved to stay this case, or transfer it to the District Court for the Middle District of North Carolina. In its motion, Walker asserted that on September 18, 2003, Walker Group Inc., had filed a case in a North Carolina state court against Knutson and First Layer, Inc., seeking to enforce the loan and guarantee. Knutson

had removed that case to the North Carolina federal district court on October 17, 2003.[1] Walker & Associates argued in its motion that the Colorado case should be stayed or transferred, despite the fact that this case may have been chronologically "first filed," because the North Carolina case was more comprehensive as it included all claims and all parties. This motion was denied by the Magistrate Judge on December 10, 2004. In his ruling, the Magistrate Judge found that federal courts usually follow the "first to file" rule, and the Colorado case was filed first. The Magistrate Judge found that transfer to another district requires that the case could originally have been brought in that jurisdiction. Here, the Magistrate Judge found that there is a dispute over the issue of personal jurisdiction in North Carolina, while there was no dispute as to personal jurisdiction in Colorado. He denied the motion as well on that basis. On December 23, 2003, defendant filed its objection to the Magistrate Judge's order denying stay or transfer.

On January 9, 2004 Defendant Walker Group Inc., filed a motion to dismiss for lack of personal jurisdiction in Colorado. Defendant asserts that it did not have sufficient minimal contacts with the State of Colorado to allow for the exercise of personal jurisdiction over it.

On February 2, 2004, Knutson moved to file a second amended complaint seeking to add a second claim for relief for fraud against Walker.

**Rulings**

■ This Court first considers defendant's objection to Magistrate Judge Watanabe's order allowing plaintiff to file an amended complaint to correct the name of the defendant. This Court does not find that the order was clearly erroneous or contrary to law. While it may be true that the originally named defendant had filed a motion to dismiss without prejudice because plaintiff had named the wrong entity, such fact does not convert plaintiff's request to correct the name of the party into a dispositive motion. *See, e.g.* F.R.Civ.P 15(c) and pertinent 1966 comment thereto, and F.R.Civ. P. 17(a). Thus, this Court does not agree that the Magistrate Judge exceeded the authority of the reference order, or the provisions of 28 U.S.C. § 636(b)(1) or Rule 72(a) or (b), F.R.Civ.P., by entering an order on a dispositive motion. The defendant's objection is OVERRULED.

■ The Magistrate Judge refrained from ruling on defendant's motion to dismiss without prejudice. As the complaint was amended and the correct party named and served, this motion is DENIED as moot.

■ The Magistrate Judge also correctly ruled on defendant's motion to stay or transfer. Plaintiff filed his complaint on August 12, 2003 over a month before the defendant commenced its action in North Carolina. This Court does not find any purposeful bad faith conduct by plaintiff in erroneously referring to the defendant as Walker & Associates, Inc., nor any prejudice arising from the alleged delay in making service. Moreover, while defendant asserts that Knutson's asserted lack of personal jurisdiction over him in North Carolina is spurious, and should not have been the basis for the Magistrate Judge's decision, the Magistrate Judge could only rule on the record before him at the time.

1. On November 21, 2003 Knutson filed a motion in the North Carolina District Court to dismiss or stay the North Carolina case against him, in part, on the basis that there was no personal jurisdiction over him in North Carolina, and in part, because of the pendency of this case. It appears that Knutson's motion is still pending.

This Court notes that the North Carolina court has apparently not yet ruled on the motion filed by Knutson. The defendant's objection to the Magistrate Judge's order denying the stay or transfer to North Carolina is OVERRULED.

■ In its motion to dismiss for lack of personal jurisdiction, defendant asserts that this Court cannot exercise personal jurisdiction over it, despite the fact that defendant made a loan to a Colorado business and obtained a guarantee of a Colorado resident, citing to federal cases regarding the constitutional extent of personal jurisdiction, and to a recent decision of the Colorado Court of Appeals in *New Frontier Media, Inc. v. Freeman*, 85 P.3d 611 (Colo.App.2003). In that case, the Court held that when the only basis for jurisdiction is a contract between a resident plaintiff and a nonresident defendant, the necessary minimum contacts are not present to confer personal jurisdiction over the such a defendant. In *New Frontier Media*, the plaintiff, a Colorado corporation, sued nonresident New Jersey and Florida defendants pursuant to the provisions of a written letter of intent, to recover expenses incurred by plaintiff in connection with unsuccessful negotiations to acquire the defendants' stock in a foreign corporation. The court noted that none of the negotiations took place in Colorado, the defendants were never present in Colorado in the course of the transaction and had no other contacts with Colorado. *New Frontier Media, supra*, 85 P.3d at 614. The Court also noted that the due diligence pursuant to the letter of intent was done outside of Colorado, the assets to be purchased were located outside of Colorado, and the letter of intent did not provide for the defendants to take any action within Colorado. *Id.* This Court would also note that the defendants in *New Frontier Media* never did enter into a purchase and sales agreement with the plaintiff, and that the lawsuit was strictly over the letter of intent that governed the negotiations.

In contrast, in the present case Walker Group, Inc. did enter into a Revolving Convertible Note Purchase Agreement with First Layer Communications, Inc. (Exhibit A–2 to defendant's motion to dismiss). That agreement expressly states that First Layer is a Colorado corporation and gives a Boulder address for notice purposes. The agreement further provides for First Layer to execute a convertible promissory note in favor of the Walker Group. First Layer executed a convertible promissory note in the amount of $500,000 (Exhibit A–3, to defendant's motion to dismiss). Being a convertible note, it is convertible into stock of First Layer. In addition, Walker Group bargained for and was paid a commitment fee in the form of a stock warrant for 2,444,444 shares of First Layer stock (Exhibit A–2, ¶ 1.3). Walker Group also bargained for and received the right to designate one member of the Board of Directors of First Layer so long as the warrant was held (Exhibit A–2, ¶ 4.7). According to the affidavit of plaintiff attached to his opposition to the motion to dismiss, Mr. Mark Walker, the president of defendant, was appointed to the Board of First Layer on November 2, 2000. Mr. Walker apparently took an active role in the management of First Layer thereafter, including the firing of plaintiff as president of First Layer in April or May 2002. (Affidavit of J.E.H. Knutson, ¶¶ 11, 14; Exhibit A to plaintiff's opposition to motion to dismiss ("Knutson Aff")). Numerous meetings with Walker are referenced *Id.* at ¶¶ 13, 14.

In his affidavit plaintiff also states that he negotiated in person in Colorado with Walker Inc. representatives regarding business transactions between First Layer

and companies with which Walker is associated. (Knutson Aff., ¶ 4). Mr. Walker asserts in his affidavit in support of the motion to dismiss that he was participating in the negotiations with Knutson wearing two different hats, that is sometimes on behalf of the Walker Group regarding the financing transaction described above, and sometimes on behalf of Walker & Associates, Inc regarding a joint venture project (Walker Affidavit, ¶ 4, Exhibit A–1 to Motion to Dismiss). He states the negotiations regarding the First Layer financing transaction took place entirely in North Carolina, though. (*Id.*, ¶¶ 5, 6). Plaintiff states that he understood during the negotiations that both the financing transaction and the business relationship were with the same entity and he thought that Walker Group was a d/b/a of Walker & Associates, Inc. (Knutson Aff., ¶¶ 6, 7). He also states that the financing documents were sent to First Layer in Colorado, and that the guarantee was signed in Colorado (Knutson Aff., ¶ 7).

Based on the assertions contained in these affidavits, and based on the nature of the transaction actually entered into between First Layer and Walker Group, Inc. as described above, this Court views the exercise of personal jurisdiction over Defendant Walker Group, Inc. in Colorado to be based on more than the mere entry into a contract with a resident plaintiff. This Court finds the many contacts with Colorado and impacts on Colorado residents by defendant permit the exercise of long-arm jurisdiction by this forum state. Applicable here is Judge Kane's analytical summary in the decision in *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo.1982):

> In *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the defendant had solicited by mail from outside the forum state an insurance policy with a resident. Aside from this one policy the defendant apparently had not solicited or done any other business in the forum state. When a dispute over the policy arose, the court held that it was proper to subject the defendant to the personal jurisdiction of the forum state's courts: It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. *Id.* at 223, 78 S.Ct. at 201. Likewise, when a defendant executes, outside of the forum state, a contract which specifically obligates him to pay money to one inside the forum state, he may then be properly sued on that obligation in the forum state. *Halliburton Co. v. Texana Oil Co.,* 471 F.Supp. 1017, 1019 (D.Colo.1979); *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 442, 560 P.2d 453, 455 (1977); *Van Schaack & Co. v. District Court,* 189 Colo. 145, 147, 538 P.2d 425, 427 (1975).
>
> When a defendant has traveled into the forum state to negotiate and execute a contract, he may be properly sued in the forum state for breaches of that contract. *Mr. Steak, Inc. v. District Court,* 194 Colo. 519, 522, 574 P.2d 95, 97 (1978). Even if a defendant does not enter the forum state, he may still be deemed to have transacted business there. For example, if a defendant participates by telephone in contract negotiations with people in the forum state and then soon executes the agreed-on contract, he will be deemed to have transacted business in the state and be subject to its court's jurisdiction. *Halliburton Co. v. Texana Oil Co.,* 471 F.Supp. at 1019.

*Ruggieri, supra,* 535 F.Supp. at 532.

While Judge Kane did not find sufficient contacts by the defendant in *Ruggieri* to subject it to jurisdiction in Colorado, this

Court finds that on the basis of the documents and affidavits submitted to it, the exercise of personal jurisdiction over Defendant Walker Group, Inc. is proper here based on the Walker Group's contacts with the state of Colorado. In light of this ruling, the Court need not reach the argument that jurisdiction is created by treating Walker & Associates, Inc. as an "agent" for Walker Group, Inc. The motion to dismiss for lack of personal jurisdiction is therefore DENIED.

■ Plaintiff has also filed a motion to for leave to file a second amended complaint which includes a fraud claim against Walker Group, Inc., based on alleged misrepresentations, or omissions to correct misrepresentations made, by agents of Walker Group at the time the parties negotiated the financing transaction in September 2000. Plaintiff alleges that these misrepresentations took place in North Carolina, thus they do not necessarily provide any support for the argument over personal jurisdiction as discussed above.

The motion to amend the complaint was filed on February 2, 2004. As noted, the alleged misrepresentations are claimed to have been made in September 2000, more than three years prior to the date of filing. Defendant suggests in its opposition to the motion to amend that the fraud claim is "potentially subject" to yet another motion to dismiss on the grounds that the claim is barred by some unspecified statute of limitations. The defendant thus urges this Court to deny the motion, or stay ruling pending this Court's ruling on the other motions. The defendant may well be correct in its assertion as to the application of the statute of limitations, but this Court cannot say at this time that the request for leave to amend is futile on the basis of this potential affirmative defense. According-ly, the motion for leave to file a second amended complaint is GRANTED.